**CO-WOK-OCHEE v. CHAPMAN et al.**

No. 6055—Opinion Filed January 13, 1919.

Rehearing Denied September 16, 1919.

(Syllabus by the Court.)

**1. Judgment—Amendment—Clerical Errors.**

It is now well settled that mere clerical misprisions in entering judgments are subject to amendment as well after the term as during the term. But to enable the court to correct a mistake in a judgment entry summarily, on motion, it must appear to be a mere clerical misprision, and not an error of the court.

**2. Same—Proceeding to Correct—Statute.**

In this jurisdiction it is provided by statute (section 5268, Rev. Laws 1910) that the proceeding to correct a mistake or omission of the clerk or irregularity in obtaining a judgment or order shall be by motion upon reasonable notice to the adverse party or his attorney in the action.

**3. Same—Proceeding to Correct—Appeal.**

Where such motion is denied the remedy of the party aggrieved is not by renewing it or asking for a rehearing of it, but by appeal.

**4. Same—Amendment—Evidence Required.**

The court wherein a judgment is entered, in furtherance of justice and for the purpose of making its records speak the truth, may proceed to correct the same on any evidence satisfactory to itself, whether oral or documentary, record or otherwise, and it is for the court to say what is the kind and amount of evidence requisite to show that the amendment should be made, but where there is no record or quasi record evidence the court should act with great care and caution.

**5. Same—Amendment—Discretion of Court.**

The rule is that application to amend or correct the judgment is addressed to the sound discretion of the court wherein the judgment was entered, and its action will not be interfered with by an appellate court unless an abuse of discretion is manifest.

**6.—Same — Amendment—Review—Evidence.**

Record examined and held: 1. That the evidence adduced at the trial in the district court was not of sufficient weight and cogency to warrant a reversal of the action of the county court. 2. That no abuse of

discretion on the part of the county court is manifest.

**7. Appeal and Error—Review—Evidence— Appeal from County Court.**

Where, on appeal from the county court, the case is tried in the district court on a transcript of the evidence taken before the county court, and it is also presented in the Supreme Court on the same record, the latter court is in as favorable position to pass upon the weight and cogency of the evidence as the district court, and it is its duty to do so.

Error from District Court, Seminole County; Tom D. McKeown, Judge.

Action between Co-wok-ochee and James A. Chapman and others.

From judgment of district court reversing order of county court overruling motion to amend judgment, movant brings error. Reversed.

Lewis C. Lawson, for plaintiff in error.

Harry H. Rogers and N. A. Gibson, for defendants in error.

KANE, J. This was an appeal from the action of the district court of Seminole county in reversing an order of the county court of said county overruling a motion, filed after the term, to correct the entry of a judgment, formerly entered in the latter court, by a nunc pro tunc order.

It seems that on the 7th day of October, 1912, the clerk of the county court entered a formal judgment in the matter of the estate of Albert Wildcat, deceased, whereby it was adjudged that said decedent left surviving him the following heirs at law and no others, to wit: "Co-wok-ochee, father, John Wildcat, brother," and that the estate of said decedent shall be distributed as follows to wit: "1. To Co-wok-ochee, one half thereof. 2. To John Wildcat, one half thereof."

The motion, which was overruled by the county court and sustained by the district court on appeal, alleges, in effect, that it was found by the county court in the mat-

ter of the estate of Albert Wildcat, deceased, that John Wildcat was the sole heir of the decedent; and that the judgment of the court was that John Wildcat was the sole heir of Albert Wildcat, deceased, but, by inadvertence and mistake, when the decree of heirship was recorded by the clerk the record of said decree of heirship was wrong in this: That, beginning at line 3, page 78 of said judgment as it appears of record, instead of the words "Co-wok-ochee, father," there should have been written, according to the judgment and decree of court, the following words: "Co-wok-ochee, father, being a Seminole and did not inherit"; and, beginning at line 23 of page 78 of said record, instead of the words: "1. To Co-wok-ochee, one-half thereof," and on line 24, page 78, instead of the words: "2. To John Wildcat, one-half thereof," there should have been written, according to the judgment and decree of the court, the following words. "To John Wildcat, sole heir."

Wherefore it was prayed that an order nunc pro tunc be entered changing and correcting said record to read as follows: Beginning at line 3 on page 78 of Probate Minutes No. 4 record, instead of the words: "Co-wok-ochee, father," there be inserted the following: "Co-wok-ochee, father, being a Seminole and did not inherit," and, beginning at line 23 of page 78 of said record, instead of the words: "1. To Co-wok-ochee, one-half thereof; 2. To John Wildcat, one-half thereof," the following words be inserted: "To John Wildcat, sole heir."

After a full hearing in the county court this motion was overruled, whereupon the movant appealed to the district court, where the cause was heard upon a transcript of the evidence taken in the county court, with the result hereinbefore stated.

Whilst counsel for plaintiff in error assigns many grounds for reversal, the following excerpts from his brief sufficiently indicate the only ones we deem it necessary to notice:

1. "'The object of the defendants in error as claimed by them, was to procure a nunc pro tunc order to be entered up by said county court whereby said order of October 7th, 1912, should be so changed and modified as to deprive the plaintiff in error of all interests in the lands in controversy in this suit. Generally speaking a court of record has inherent power to make orders nunc pro tunc; but such methods are never resorted to to correct errors or mistakes of law and fact, but clerical errors or misprisions. On the 7th day of October, 1912, said county court actually made and entered a final judgment in the settlement of the estate of Albert Wildcat, deceased; and that judgment was entered

on its minutes in Book No. 4, on pages 77 and 78 thereof, and the same may be seen on pages 3 to 6, inclusive, of the record."

It is contended:

1. That inasmuch as the purpose of a nunc pro tunc order is simply to supply record evidence as to what the actual judgment of the court was in the first instance, where there was an omission by the clerk in this regard, and not to either vacate or modify the judgment entered, the motion overruled by the county clerk being in fact a motion filed after the term to modify the judgment formerly entered, the county court was without power to entertain the same, and therefore the district court was also without jurisdiction on appeal.

2. "Assuming the county court had jurisdiction and that its action in overruling the motion was an appealable order, it is contended that the evidence adduced at the trial was not of that satisfactory character which would warrant the district court in reversing the action of the county court, there being no abuse of discretion shown."

The early common law rule was that a judgment could be amended or corrected only at the term during which it had been entered. Hardy v. Cathcart, 1 Marsh. (Eng.) 160; Hill v. Hoover, 5 Wis. 386. Statutes, however, and adjudications thereunder, have supplied this defect in the law, and it is now well settled that mere clerical misprisions in entering judgments are subject to amendment as well after the term as during the term. Sec. 5267, Rev. Laws, 1910, made applicable to all courts of record by section 5275; Jones v. Gallagher, 64 Oklahoma, 166 Pac. 204. But to enable the court to correct a mistake in a judgment entry summarily, on motion, it must appear to be a mere clerical misprision, and not an error of the court.

In this jurisdiction it is provided by statute (section 5268, Rev. Laws 1910) that the proceeding to correct a mistake or omission of the clerk, or irregularity in obtaining a judgment or order, shall be by motion, upon reasonable notice to the adverse party, or his attorney in the action. It also seems to be well settled that if the motion is denied, the remedy of the party aggrieved is not by renewing it or asking for a rehearing of it, but by appeal. 23 Cyc. 881.

Having reached the conclusion that the county court had jurisdiction to entertain the motion presented to it and that its ruling thereon was reviewable by appeal, the question now arises as to the sufficiency of the evidence contained in the record to support the action of the district court in reversing the county court.

The cases are in conflict on the question whether evidence dehors the record is admissible to prove and correct a clerical mistake or misprision of the clerk in the entry of a judgment. This court, however, although formerly holding to the contrary (Bank of Kingfisher v. Smith, 2 Okla. 6), is now committed to what is called the more liberal rule, that the court, in furtherance of justice and for the purpose of making its records speak the truth, may proceed, on any evidence satisfactory to itself, whether oral or documentary, whether record or otherwise, and it is for the court to say what is the kind and amount of evidence requisite to show that the amendment should be made. Clark et al. v. Bank of Hennessey, 14 Okla. 572; Jones v. Gallagher, supra. The rule, however, is subject to the limitation that where there is no record or quasi record evidence the court should act with great care and caution. Jones v. Gallagher, supra.

The evidence adduced in the case at bar consisted of the oral statements of the trial judge, the clerk of his court, and of several other witnesses, and a certain document referred to as "Exhibit A" which upon its face purported to be a certified copy of the judgment rendered by the court as it appeared of record, but which in fact was not such certified copy, but contained the substance of the judgment which the movant contends was actually rendered by the court.

The court which rendered the judgment refused to disturb it as it appeared of record, upon the ground, no doubt, that this evidence was not of sufficient weight and cogency to satisfy the court that the judgment which appeared regularly of record was not the judgment rendered by the court. In this conclusion we unhesitatingly concur. To allow this exhibit, which was neither a record nor a quasi record of the court, to overcome the verity of a formal entry of judgment regular in all respects upon its face seems to us to be without precedent. In these circumstances "Exhibit A," if admissible at all, was in our judgment entitled to very little weight. That this exhibit was given undue weight by the district court is quite apparent from the record.

The judge who rendered the judgment, after examining the record entry thereof, testified: "I will say that I have no independent recollection of the matter from the order itself."

After examining "Exhibit A" and comparing it with the judgment as it appeared of record, the following question and answer appear in the record:

"Q. I will ask you to state to the court which one of these two instruments sets forth correctly and clearly the decision made by the court in rendering the final order of distribution in the Albert Wildcat case, No. 1355, in the county court."

"A. I think the order as set forth in the certified copy was the judgment of the court at the time, though my recollection of the matter is hazy and I state what recollection I have about it."

The judge then proceeds to state his recollection of the matter at considerable length. After a careful examination of this statement we are convinced that the judge was right in stating that "my independent recollection of the matter is hazy." And the oral evidence of the other witnesses seems to us to be no more satisfactory or convincing that "Exhibit A," and not the formal entry upon the record of the court, was the true judgment rendered.

Where the district court probably fell into error was in considering the case on appeal as if the sole question presented for consideration was whether the ruling of the trial court was reasonably supported by the evidence.

The rule is that the application to amend or correct a judgment is addressed to the sound discretion of the court wherein the judgment was rendered, and its action will not be interfered with by an appellate court unless an abuse of discretion is manifest. 23 Cyc. 882.

It must not be forgotten that even in jurisdictions where the liberal rule as to the admission of evidence prevails, the evidence in the first instance must be satisfactory to the court rendering the judgment and to which the application must be presented.

As stated before, the case was heard in the district court on a transcript of the evidence taken in the county court, and, as it is presented here upon the same record, we are in as favorable position to pass upon its sufficiency as the district court. After a careful examination of this record we are convinced that the county court was right in declining to disturb the judgment formerly entered upon the evidence offered by the moving parties, and certainly there is nothing in the record tending to show any abuse of discretion on its part.

For the reasons stated, the judgment of the district court is reversed with directions to set aside the order reversing the judgment of the county court and to enter one in conformity with the views herein expressed.

All the Justices concur, except Justice MILEY, not participating.