### NUT-TE-CHE LEWIS v. WARD.

No. 14431—Opinion Filed Dec. 11, 1923.

Rehearing Denied March 4, 1924.

(Syllabus.)

1. **Pleading — Motion for Judgment on Pleadings.**

A motion for judgment on the pleadings will be treated as a demurrer, and the pleading challenged thereby must be liberally construed in its favor.

2. **Guardian and Ward — Sales — Notice—Publication—Sufficiency.**

In the sale of the property of a ward under section 1279, Comp. Stat. 1921, requiring notice thereof must be published in the county of sale two weeks successively next before the day on or after which sale is to be made, a failure to publish such notice the week just prior to the sale, where such publication has been made for two weeks, is an irregularity which is cured by the order confirming the sale, and does not render the sale subject to collateral attack.

3. **Judgment — Corrections — Proceedings Nunc pro Tunc—Notice.**

Proceedings to correct a mistake or omission of the clerk or irregularity in obtaining a judgment or order are by motion upon reasonable notice to the adverse party or party that may be interested in such proceeding; and a nunc pro tunc order rendered upon such motion without notice is void.

4. **Guardian and Ward — Sales — Conveyances — Appraisement — Nunc pro Tunc Order of Correction Without Notice.**

Where it is alleged that the ward's land was sold at private sale without having been appraised as required by law, and the allegation is controverted in the answer pleading the filing of an appraisement by nunc pro tunc order entered about eight years subsequent to the sale, and the reply alleges the nunc pro tunc order permitting the filing of the appraisement of date prior to the sale is void as having been made without notice, held, error to sustain motion of answering defendant for judgment on the pleadings. Evidence should be admitted to show whether the probate court had such appraisement before it at the time the sale was confirmed.

Error from District Court, Okfuskee County: John L. Norman, Judge.

Action by Nut-Te-Che Lewis, by legal guardian, against E. E. Ward. Judgment for defendant, and plaintiff brings error. Reversed and remanded for new trial.

Kirk B. Turner, Martin E. Turner, Jack Harley, and Harry B. Parris, for plaintiff in error.

J. C. Wright, C. T. Huddleston, and Logan Stephenson, for defendant in error.

KENNAMER, J. This appeal is prosecuted by Nut-Te-Che Lewis, a minor, by R. L. Simpson, his legal guardian, to reverse the judgment of the district court of Okfuskee county, rendered on the 19th day of March, 1923, in favor of E. E. Ward, sustaining his motion for judgment on the pleadings. The case involves the validity of a probate sale made by Major Wesley, former guardian of Nut-Te-Che Lewis, purporting to convey certain inherited lands of said minor and described in the petition. The minor had inherited the lands from Major Lewis, deceased member of the Creek Tribe of Indians. Nut-Te-Che Lewis, plaintiff in the action, pleaded, first, a cause of action in ejectment; second, a cause of action to quiet title and cancel the probate sale made by Wesley, his former guardian, in April, 1911, and subsequent conveyances thereto. A complete transcript of the probate proceedings of the sale were attached to the plaintiff's petition and by proper reference made exhibits thereto. The parties appear here as they appeared in the trial court, and will be referred to as plaintiff and defendant. Counsel for the plaintiff state in their brief that the probate sale should have been declared void for two reasons: First, that the notice of the sale of the real estate was not published for a sufficient length of time to constitute of the ward's land thereunder a valid sale; second, that no appraisement was made of the lands prior to the sale, and the county court of McIntosh county was without jurisdiction to confirm the sale.

The notice of sale fixed the date for such sale on the 21st day of March, 1911, and the order authorizing the sale directed that the

notice of sale be given by publication for two successive weeks in the Sapulpa Democrat of Sapulpa and the Okemah Ledger of Okemah and by posting as required by law. The proof of publication in the Okemah Ledger filed of record in the proceedings showed the notice of sale was published in the Okemah Ledger for two consecutive weeks, the first insertion being on the 2nd day of March, 1911, and the last on the 9th day of March, 1911. The objection to this publication notice is that it was not published the week just prior to the sale. Under section 1279, Compiled Statutes 1921 (6383, Revised Laws 1910), the notice must be published, if there be a paper published in the county of the sale, two weeks successively next before the day on or after which sale is to be made, and a failure to publish the notice as required by the statute has been held by this court to be an irregularity which does not render the sale void. Tiger v. Drumright, 95 Okla. 174, 217 Pac. 453.

Such an irregularity does not render the sale subject to collateral attack. The transcript of the probate proceedings discloses that the interest of Nut-Te-Che in the lands was ordered sold at private sale by the decree of the court entered on the 24th day of February, 1911, and that the sale was confirmed by the court on the 3rd day of April, 1911, and that on the date of confirmation there was no appraisal of said lands sold of record in so far as actually having been indorsed and filed by the court clerk. However, it was contended and alleged by the defendant, Ward, in his answer that an appraisal of said property had been left in the papers of said guardianship proceedings on the 22nd day of November, 1910, and that on petition filed the 12th day of September, 1919, by C. H. Tulley, who had acted as attorney for the guardian in making the probate sale, the court appears to have entered an order nunc pro tunc on the 11th day of September, 1919, ordering the appraisal purported to have been submitted by H. E. Whitehead and E. E. Gillem on the 22nd day of November, 1910, filed as of that date. This order was made without notice to the minor or his guardian, and upon the petition which appears to have been filed subsequent to the entering of the order.

The nunc pro tunc order, having been made without notice to the minor or his guardian, is void. This court in the case of Cowokochee v. Chapman et al., 76 Okla. 1, 183 Pac. 610, held:

"In this jurisdiction it is provided by statute, section 5268, R. L. 1910, that the proceedings to correct a mistake or omission of the clerk or irregularity in obtaining a judgment or order shall be by motion, upon reasonable notice to the adverse party or his attorney in the action.

In determining the correctness of the court's judgment sustaining the motion for judgment on the pleadings, the rule is that such a motion will be treated as a demurrer to the pleadings, and the pleadings challenged must be liberally construed in their favor. Deming Investment Company v. Reed et al., 72 Oklahoma, 179 Pac. 35.

The petition alleges that the court was without the jurisdiction to confirm the sale and direct the execution of guardian's deed for the reason said premises were sold at private sale and that no appraisers were ever appointed by the county court of McIntosh county and appraisement made as by law required. The answer denied this allegation and alleged that the lands were duly appraised as by law provided and as found in exhibit D attached to the answer of the defendant, Ward, and exhibit D was a purported appraisement made by H. E. Whitehead and E. E. Gillem on the 22nd day of November, 1910, and which was ordered filed by the nunc pro tunc order as of that date entered by the county court on the 11th day of September, 1919. The reply to the answer admitted that exhibit D attached to said answer contained true and correct copies of the originals thereof, being the order appointing appraisers, and the appraisement made by Whitehead and Gillem, but it was alleged that said nunc pro tunc order was void for the reason that it was made without notice, and that said appraisement had been set aside by an order of the county court entered on the 24th day of January, 1911, where all sales proceedings attempted to be made prior to said date were vacated, set aside, and held for naught.

We are of the opinion that the order vacating the attempted sale proceedings prior to the commencement of the sale in question did not invalidate and set aside any appraisement of the lands that had actually been made. This for the reason that appraisement, under section 1280, Comp. Stat. 1921, is for the purpose of furnishing to the court certified evidence of disinterested persons as to the value of the land sought to be sold, and if such appraisement had been made one year next prior to the sale and the court had it actually before it on the date of the confirmation of the sale, the statute has been satisfied and the neglect of the court clerk to have actually placed the file mark upon the appraisement returned by the appraisers would not invalidate the appraisement or the sale confirmed pursuant thereto. But under the allegation of the pleadings in the instant case it appears to be a controverted question of fact as to whether the court on the date of the confirmation had such an appraisement before

it. This court is committed to the rule that, as a prerequisite to the jurisdiction of the court to enter a valid order of confirmation of a guardian's sale, such appraisement must have been made as provided for in section 1280, supra, and that the sale of the land must have been for 90 per cent. of such appraised value. Winters v. Okla. Portland Cement Company, 65 Okla. 132, 164 Pac. 965; Glory v. Bagby, 79 Okla. 155, 188 Pac. 881.

Where such appraisement has not been made, a private sale of the ward's land is void under the above authorities. The allegation of the petition is that the appraisement was not made. The defendant controverted this allegation and pleaded an appraisement which was ordered filed by nunc pro tunc order rendered nearly eight years subsequent to the sale without notice to the minor or his guardian. The reply alleged the order was made without notice and was void. It is, therefore, clear if the nunc pro tunc order was void, there was no record of an appraisement, and under the pleadings there was an issue of fact as to an appraisement having been made and the court erred in sustaining the motion for judgment on the pleadings.

For the reasons stated, the judgment is reversed, with directions to overrule the motion.

JOHNSON, C. J., and NICHOLSON, BRANSON, HARRISON, and MASON, JJ., concur.