### HURLEY et al. v. CHILDERS et al.

No. 15216—Opinion Filed Jan. 19, 1926.

**1. Judgment—Journal Entry—Validity—Clerks of Courts.**

It is the duty of the clerk to keep a journal, and enter all judgments of the court thereon; and, regardless of who prepares the journal entry of judgment, which is entered on the journal, it becomes the act of the clerk.

**2. Same—Correction of Errors.**

Under section 811, C. S. 1921, a mistake or omission of the clerk in entering a judgment of the court on the journal may be corrected, during or after the term at which the judgment was rendered, by motion, upon reasonable notice to the adverse party or his attorney in the action.

**3. Same—Scope of Correction Confined to Original Judgment.**

In a proceeding to correct the clerk's entry of the judgment of the court, the court has no jurisdiction to render judgment against one who was not a party to the original judgment. In such proceeding, the court can only correct the clerk's entry of the judgment to show the true judgment rendered.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Tillman County; Frank Mathews, Judge.

Action by W. W. Childers and J. T. McWilliams against J. S. Hurley and J. L. Elledge. Judgment for plaintiffs, and defendants bring error. Affirmed as to defendant Hurley, and reversed and remanded as to defendant Elledge.

P. Mounts and W. H. Hussey, for plaintiffs in error.

Wilson & Roe, for defendants in error.

Opinion by JARMAN, C. This was an action by W. W. Childers and J. T. McWilliams to enjoin J. S. Hurley from placing a frame building on lot 6 of block 43 in the town of Tipton, Okla. Summons was issued and served on the defendant January 29, 1920, and on the same date, upon application of the plaintiffs, the county judge, in the absence of the district judge from the county, issued a temporary order of injunction, restraining and enjoining the defendant from placing the frame building on said lot. On February 17, 1920, upon a hearing being had in the district court, said temporary injunction was made permanent "upon condition that plaintiff pay defendant the sum of $400." On the same day that the injunction was made permanent, February 17, 1920, Joe Elledge appears to have been made a party defendant to the action, and a summons was issued and served on him on that date, requiring him to answer on or before March 18, 1920. Elledge entered no appearance and was not a party to the proceedings, nor to the judgment making the injunction permanent. On October 5, 1922, a motion was filed by the plaintiffs to correct the journal entry of said judgment on the ground that said journal entry did not correctly recite the judgment actually rendered by the court, which was that the temporary injunction be made permanent, "upon condition that plaintiffs pay the defendant the sum of $400 for lot 6 in block 43 of the town of Tipton, Okla." and asked that said journal entry be corrected to correctly set forth the judgment actually rendered. Notice of said motion was served by registered mail on the defendant Elledge January 3, 1923, and notice was also served on the defendant Hurley. On October 1, 1923, a hearing was had on said motion at which all parties appeared, and the court made and entered an order correcting said journal entry to read:

"That the temporary injunction issued herein should be and is hereby made permanent upon condition that plaintiffs pay the said defendants the sum of $400 upon the delivery by the defendants J. S. Hurley and J. L. Elledge, to the plaintiffs a good and sufficient deed to lot No. 6 in block 43 of the original town of Tipton, Okla."

From this order correcting said journal entry the defendants have appealed. The defendants first contend that the trial court erred in overruling their objection to the introduction of any evidence under the motion to correct the journal entry of judgment, for the reason that said motion does not allege that the error complained of was caused by any mistake or omission of the clerk.

Section 811, C. S. 1921, provides that:

"Proceedings to correct mistakes or omissions of the clerk * * * shall be by motion upon reasonable notice to the adverse party or his attorney in the action."

It is true that the motion fails to allege that the clerk made the mistake or omitted to enter on the journal the judgment rendered by the court, yet it does allege in substance that the entry on the journal does not correctly recite the judgment rendered by the court, and in this behalf the evidence is overwhelming. It is the duty of the clerk to keep a journal (section 865, C. S. 1921), and it is his duty to enter all judgments of the court on the journal (section 685, C. S. 1921), and, regardless of who prepared the journal entry of judgment which is entered on the journal, it becomes and is the act of the clerk. The motion was sufficient, and the court properly overruled the objection of the defendants to the introduction of any evidence thereunder.

Defendants next contend that the court could not, on motion, vacate or set aside the judgment in question, which was not void, after the term of court at which it was rendered had expired. This is not a proceeding to vacate, set aside, or modify a judgment, neither is it a proceeding to correct the judgment of the court, but it is a proceeding to have the entry on the journal, which evidences the judgment, corrected to show the judgment actually rendered by the court, which is a proper proceeding as held by this court in the case of Co-Wok-Ochee v. Chapman, 76 Okla. 1, 183 Pac. 610.

The defendant Elledge contends that the court was without jurisdiction to render judgment against him in the proceeding correcting the journal entry of judgment. We agree with this contention. Said defendant was not a party to the proceedings at the time the original judgment was rendered, and he was not named nor referred to in said judgment. He was not served with summons until the day on which said judgment was rendered, and the answer day was many days thereafter, and he did not

appear in any of the proceedings in connection with the case until he was served with notice that plaintiffs would make application to correct the journal entry of judgment, when he appeared and resisted such proceeding. But such appearance would not deprive him of his day in court on the merits of the case, and in no event could a journal entry of judgment be corrected so as to render judgment against one who was not a party to the judgment, evidenced by the journal entry. This was not a proceeding for the purpose of having a judgment rendered in the cause, but for the purpose of correcting the journal entry so as to show the true judgment that had already been rendered. There had been no judgment rendered against Elledge, and, therefore, it was error to correct the journal entry to show a judgment against him.

The judgment of the trial court is affirmed as to the defendant Hurley, and reversed and remanded as to the defendant Elledge.

By the Court: It is so ordered.

Note.—See under (1) 34 C. J. p. 57 § 185; pp. 59, 60 (Anno) § 187; 15 R. C. L. p. 579; 3 R. C. L. Supp. p. 473. (2) 34 C. J. p. 220 § 450; p. 244 § 468; p. 246 § 472. (3) 34 C. J. p. 249 § 475. See under (2, 3) 15 R. C. L. p. 679; 3 R. C. L. Supp. 484; 4 R. C. L. Supp. p. 1013.