## STATE ex rel. COM'RS OF LAND OFFICE v. FROESE et al.

No. 32610.  June 8, 1948.

Rehearing Denied Sept. 14, 1948.

*197 P. 2d 296.*

Everett H. Welborn and Floyd Wheeler, both of Oklahoma City, for plaintiff in error.

Ash & Bailey, of Cordell, for defendant in error J. Ray Stewart.

DAVISON, V.C.J. The parties will be referred to as they appeared in the court below. Plaintiff brought this action September 14, 1931, upon a note and mortgage in the principal amount of $3,500 bearing interest at the rate of 5% per annum before maturity and 10% after maturity, against the defendants, John Froese and his wife, the mortgagors and owners of the real estate, and O. H. Douglas, the owner of an oil and gas lease thereon. An entry on the clerk's minutes dated June 24, 1937, shows, "Judgment by default as per J. E." On July 20, 1939, the court appointed a receiver who collected rents in the amount of $995.09. The defendant J. Ray Stewart was made a party upon his own motion, and filed his answer and tender September 7, 1945. He alleged that, by reason of a resale tax deed dated May 24, 1945, he was the owner of the real estate involved, and he tendered into court the principal amount of the note and mortgage with interest at 5% and attorneys' fee and abstract expense, less the $995.09 in the hands of the receiver.

To this answer, plaintiff filed a reply, wherein it claimed that the tender was insufficient in that the amount necessary to redeem the property was $5,620.42 (being principal and interest at 10% to June 24, 1937), attorneys' fee and costs with interest thereon at 10% from June 24, 1937, the date upon which judgment for said amount was rendered by the court, but that the same should be credited with $995.09. As to defendant's allegation of ownership, the plaintiff alleged "that it has no information . . . and therefore, neither admits nor denies said allegations, but asks that said defendant be required to make strict proof thereof."

The case was tried to the court November 15, 1945. Over the objection of plaintiff that the same was not the best evidence, defendant introduced the records in the county clerk's office showing a resale tax deed to him covering the property involved as alleged in his answer.

On December 20, 1945, there was presented and filed in the cause, a journal entry dated June 24, 1937, purporting to be a personal judgment against the mortgagors for the amounts specified in plaintiff's reply, above, and a foreclosure of the mortgage sued on, but said judgment was not signed by the trial judge. On the same date, December 20, 1945, plaintiff obtained permission to reopen the cause, to put the journal entry in evidence, and to amend its reply in conformity therewith. Thereupon, the court rendered judgment, requiring plaintiff to compute the amount due with interest at 5% and allowance of credit for $995.09, and that upon payment by defendant of said amount, he be subrogated to the rights of plaintiff, and quieting defendant's title subject only to plaintiff's mortgage.

Plaintiff appealed to this court and for reversal urges: that there was a valid judgment rendered June 24, 1937; that defendant's proof of resale tax deed was not competent and he has therefore not proved his right to redeem; and that it is entitled to the amounts as set out in its reply which must be tendered by defendant in order to redeem.

This entire controversy, although presenting several points of law, narrows itself down to one question: Is plaintiff entitled to interest at the rate of 10% per annum from the maturity of the note and mortgage, or is it required, by the provisions of 64 O.S. 1941 §215, to accept the amount of its debt with interest at 5% in full satisfaction thereof?

At the time Stewart was made a party defendant, there was nothing to indicate any judgment of the court other than the above quoted minute of the court clerk. Under the provisions of 12 O.S. 1941 §701, judgments "are shown by the journal of the court and not by the clerk's minutes." Wilson & Co., Inc., v. Shaw, 157 Okla. 34, 10 P. 2d 448. The minutes of the clerk constitute no part of the record in the trial court. Bigpond v. Davis et al., 121 Okla. 44, 247 P. 676. "The effective and controlling act of the court is the rendition or pronouncement of judgment as distinguished from the entry thereof on the record, the latter being merely a record of the decisive act." City of Clinton ex rel. Richardson v. Cornell, 191 Okla. 600, 132 P. 2d 340. Therefore, if no judgment had been rendered, the court clerk's notation meant nothing.

After this cause was tried in November, 1945, the plaintiff filed an unsigned purported journal entry of judgment and the clerk entered the same on the judgment docket. This could not bolster the other entries, if in fact no judgment had been rendered. The trial court held that there had been none and in line with our holding in Abernathy v. Huston, Co. Treas., 166 Okla. 184, 26 P. 2d 939, the same was properly stricken from the record.

The plaintiff contends that the defendant Stewart has not shown himself to be the owner of the property and entitled to redeem it from the mortgage because the county clerk's record of the resale tax deed was not admissible in evidence, the original deed being the best evidence, relying upon 12 O.S. 1941 §486, and certain statements made in Enid & Anadarko Railway Co. v. Wiley et al., 14 Okla. 310, 78 P. 96.

This question, however, need not be decided because the defendant, in his answer, alleged ownership of the property by reason of such deed, and the reply of plaintiff, as quoted above, was not sufficient to be a denial of that title. In State ex rel. Freeling, Atty. Gen., v. Ross, 76 Okla. 11, 183 P. 918, this court held that such a statement did not traverse or deny the allegations, but was in effect an admission thereof, under the provisions of 12 O.S. 1941 §306.

The only remaining question is, what amount the defendant was required to pay in order to redeem the property and discharge the mortgage. 64 O.S. 1941 §215 provides:

"The Commissioners of the Land Office of the State of Oklahoma are hereby authorized, empowered and directed to accept payment of delinquent interest due on any mortgage or certificate of purchase, without charging or adding thereto any interest on such delinquent interest, whether such delinquent interest be represented by coupons or notes, or **by mortgages wherein the principal has matured,** but all interest coupons have been paid; and the Commissioners of the Land Office are hereby further authorized, empowered and directed to accept the payment of delinquent rentals on Preference Right Leases without charging or adding thereto any interest on such delinquent rentals, **and that all penalty interest in excess** of five per centum (5%) as pro-

vided in any note, mortgage, Contract of Purchase, or Lease, **should be waived** by the Commissioners of the Land Office in accepting delinquent payments due thereon." (Emphasis ours.)

This section directs the plaintiff to accept 5% interest in a case of this kind. Thus the judgment of the trial court was in compliance therewith.

Plaintiff objects to that part of the judgment which reduces the amount necessary for defendant to pay in order to redeem by $995.09. The only part of the record dealing with this item is the admission in plaintiff's reply that said amount, being the aggregate of four payments, should be so credited. The judgment, therefore, in that respect, is just as plaintiff in its pleading says it should be. As to receiver's expense, that is a part of the court costs and the defendant has tendered the payment of such costs and the judgment so requires.

On December 24, 1945, in response to an order of the trial court the plaintiff filed a statement of the amount due upon the indebtedness including interest at 5% and attorneys' fees and abstract fees. This statement did not allow credit for the amounts collected by the receiver, as was required by said order. The order of this court affirming the judgment is made subject to the payment by defendant of the amounts specified in the above order of the trial court which is dated December 20, 1945.

The judgment is affirmed subject to the provisions of the last paragraph above.

HURST, C.J., and WELCH, CORN, GIBSON, ARNOLD, and LUTTRELL, JJ., concur.