**Bob L. MANSELL, Appellant,**

v.

**CITY OF LAWTON, Appellee.**

No. 82589.

Supreme Court of Oklahoma.

June 28, 1994.

As Corrected June 29, 1994.

Steven S. Mansell, Oklahoma City, for appellant.

John H. Vincent, Lawton, for appellee.

SUMMERS, Justice.

The trial judge sustained a motion to dismiss, and a judge-signed minute to that effect was filed that same day on October 7, 1993. A journal entry of judgment was then filed on October 15, 1993. The petition in error was filed on Monday, November 15, 1993. Appellee moves to dismiss for untimeliness.

Effective October 1, 1993, a minute entry is not an appealable order. 12 O.S.Supp.1993 § 696.2(C). That statute, which took effect that date, states in part:

**The following shall not constitute a judgment, decree or appealable order: A minute entry;** verdict; informal statement of the proceedings and relief awarded, including, but limited to, a letter to a party or parties indicating the ruling or instructions for preparing the judgment, decree or appealable order.

*Id.* § 696.2(C), (emphasis added).

Minute entries are usually considered to be the function of a clerk, but 12 O.S.1991 § 23 states that a judge may also prepare an entry in the form of a minute. As a matter of courthouse practice it may be titled as a

court minute order, court minute, minute order, minute, or have no title. This one had none. A minute contains a brief description of the order or judgment rendered. 12 O.S. 1991 § 23.

Section 696.2 also states that the time to appeal does not begin to run until the appealable order or judgment is prepared in a certain form and filed with the trial court clerk.

The time for appeal shall not begin to run until a written judgment, decree or appealable order, prepared in conformance with Section 10 of this act, is filed with the court clerk, regardless of whether the judgment, decree, or appealable order is effective when pronounced or when it is filed.

*Id.* § 696.2(D).

Section 10 of the act was codified at 12 O.S.Supp.1993 § 696.3, and requires the appealable order or judgment to have a caption including the name of the court, the names and designation of the parties, the file number of the case, and the title of the instrument. It further requires a statement of the disposition, including the relief awarded, signature and title of the court, and other matters approved by the court.

■ A judgment or appealable order conforming to § 696.3 is "a jurisdictional prerequisite to the commencement of an appeal." 12 O.S.Supp.1993 § 696.2(C). See also 12 O.S.Supp.1993 § 990A(A). Section 696.3 requires the appealable order to have a title. If an order has no title, or bears a title in some form using the word "minute", and otherwise meets the description of a minute, we believe the Legislature intended it not to be appealable, 12 O.S. § 696.2(C), even though it may have been appealable prior to October 1, 1993. These recent statutory

changes define the appealable event according to the form by which the decision is filed. 12 O.S.Supp.1993 §§ 696.2, 696.3. This minute entry is in a form that makes it not an appealable order. 12 O.S.Supp.1993 §§ 696.2, 696.3.

■ The journal entry of judgment filed on October 15, 1993 satisfies the form required by 12 O.S.Supp.1993 § 696.3. The petition in error must be filed within thirty days of the date the journal entry of judgment was filed in the trial court. 12 O.S.Supp.1993 § 990A(A). Thirty days from October 15, 1993 was Sunday, November 14, 1993, and because of that the Appellant was authorized to file the petition in error on the following Monday, November 15, 1993. 25 O.S.1991 § 82.1. The petition in error is thus timely filed, the motion to dismiss is denied, and the appeal shall proceed.

HODGES, C.J., LAVENDER, V.C.J., and ALMA WILSON, KAUGER and WATT, JJ., concur.

SIMMS and OPALA, JJ., concur in result.

HARGRAVE, J., dissents.

OPALA, Justice, with whom SIMMS, Justice, joins, concurring in result.

Concluding that the appellant's petition in error was timely brought, the court holds that a filed memorial of a ruling does not trigger appeal time unless it is in *literal* compliance with *all* of the requirements in 12 O.S.1993 § 696.3.[1] While I concur in today's result, *I recede from the court's pronouncement on four grounds:* (1) the true character of the memorial in contest here is to be determined by its *substantive content* rather than by the name provided by its author; (2)

1. The pertinent terms of 12 O.S.1993 § 696.3, effective October 1, 1993, are:

"A. Judgments, decrees and appealable orders that are filed with the clerk of the court shall contain:
1. A caption setting forth the name of the court, the names and designation of the par-

ties, the file number of the case and the title of the instrument;
2. A statement of the disposition of the action, proceeding, or motion, including a statement of the relief awarded to a party or parties and the liabilities and obligations imposed on the other party or parties;
3. The signature and title of the court;...."

the earlier October 7, 1993 memorial[2] is an *order* [the first order] and *not a minute;* (3) because the October 7 order does not *substantially* meet the requirements of § 696.3, it is incapable of triggering appeal time;[3] and (4) today's opinion offers a flawed analysis that is fraught with adverse consequences to the stability of the *record-keeping system* in the district courts.

## I

### THE ANATOMY OF THE LITIGATION.

On August 25, 1993 the City of Lawton [the City or defendant] sought dismissal of Bob L. Mansell's [Mansell or plaintiff] action against the City. The court dismissed the action on October 7, 1993. The trial judge (a) memorialized his ruling on a printed docket sheet form which bears the title "minute", (b) signed it, and (c) forwarded it to the clerk for filing and entry on the journal.[4] He then instructed counsel for both parties to prepare the "journal entry" of his ruling. The latter document was filed on October 15,

1993. Mansell's petition in error came here on November 15, 1993, within thirty days of the October 15 order's filing, but *more than* thirty days *after* the October 7 order [the earlier memorial] was filed with the clerk. The City asserts Mansell's appeal is *untimely* since it was brought more than thirty (30) days *after* the court's October 7, 1993 order. *The dispositive question before the court is whether appeal time was triggered on October 7 or October 15.*

## II

### THE SUBSTANTIVE CONTENT OF THE OCTOBER 7 MEMORIAL, RATHER THAN THE NAME GIVEN IT BY ITS AUTHOR, DETERMINES WHETHER IT QUALIFIES AS AN ORDER OR AS A MINUTE.

The meaning and effect of an instrument depends on its *substantive content* rather than on the form or title provided by its

---

**2.** The October 7, 1993 [first] order of the court was in the following form:

```
JUDGE D-2—HON. ROY D. MOORE                                        93266
MOTION DOCKET
DATE BEGINNING OCTOBER 07, 1993
*****************************************************************************************
ROOM:              MOTION TO DISMISS BY CITY OF LAWTON            TIME:13:30
CASE NO: CJ-CO-93-000780-08 FILE DATE: 08/05/93 T-CASE: FRIENDLY SUIT
STYLE:   MANSELL, BOB L.                    -VS- CITY OF LAWTON
P-ATTY:  MANSELL, STEVEN S.       ·    D-ATTY:  VINCENT JR., JOHN HOLLIS
```

| PARTY GROUP | PARTY TYPE | PARTY NAME |
|---|---|---|
| 001 | AT | MANSELL, STEVEN S. |
| 001 | PL | MANSELL, BOB L. |
| 002 | AT | VINCENT JR., JOHN HOLLIS |
| 002 | DF | CITY OF LAWTON |

MINUTE:

SUSTAINED

/s/ ROY D. MOORE

---

**3.** An appeal is governed by the law in effect at the time of the appealable event. The terms of 12 O.S.1993 § 696.3 control this case because they became effective on October 1, 1993. *Patmon v. Block,* Okl., 851 P.2d 539, 542–43 (1993); *Blacketer v. State,* Okl.Cr., 485 P.2d 1069, 1070 (1971); *Rudolph v. Jurgensen,* 31 Okl. 32, 119 P. 640 (1911).

**4.** The *journal* is to be maintained by the court clerk. *See* 12 O.S.1991 § 24. Its terms are:

"Upon the journal record required to be kept by the clerk of the district court in civil cases ... shall be *entered* copies of the following instruments *on file:*

1. All items of process by which the court acquired jurisdiction of the person of each defendant in the case; and

2. *All instruments filed in the case that bear the signature of the judge and specify clearly the relief granted or order made."* [Emphasis added.]

author.[5] Although the October 7, 1993 memorial bears the printed title "minute", the paper clearly meets the attributes of a recordable order.[6] Its content directs that the City be given the requested relief—*i.e.*, the action's dismissal—and the "direction" is *signed* by the judge. The instrument clearly is *an order—albeit one that does not trigger appeal time* when measured by the § 696.3 standards.[7]

While both orders and minutes [8] are *posted* on the appearance docket,[9] each has a distinct legal identity [10] and is *facially distinguishable from the other by its content and substance.*[11] A *"minute"* of a judge's courtroom ruling *internalizes* the event or proceeding by a short abstract *to be posted solely on the court's appearance docket.* It is not the event's *official proof.* For *external* use that proof is provided by the *"recordable"* [12] *memorial* that is *on file* in the case and must be entered on the journal. In the past, it was the latter memorial's *filing* that triggered appeal time.

Minutes are never a fit substitute for a judge's recordable entry since *minutes are incomplete by definition.*[13] Record entry of orders or judgments may *never* be accomplished *by the clerk's minutes or by unsigned (or initialed) entries later posted on the appearance docket.*[14] While a judge, much like a courtroom deputy clerk, may write minutes

5. *Carter v. Carter*, Okl., 783 P.2d 969, 970 (1989); *Horizons, Inc. v. KEO Leasing Co.*, Okl., 681 P.2d 757, 759 (1984); *Amarex, Inc. v. Baker*, Okl., 655 P.2d 1040, 1043 (1983); *Knell v. Burnes*, Okl., 645 P.2d 471, 473 (1982); *Prock v. District Court of Pittsburg County*, Okl., 630 P.2d 772, 775 (1981); *Harry v. Hertzler*, 185 Okl. 151, 90 P.2d 656, 659 (1939); *Ginn v. Knight*, 106 Okl. 4, 232 P. 936, 937 (1925).

6. *See* 12 O.S.1991 § 1116 which states in pertinent part:
"Every *direction* of a court or *judge* made or entered *in writing*, and not included in a judgment, *is an order.*" [Emphasis added.]

7. *See supra* note 1 for the pertinent terms of 12 O.S.1993 § 696.3.

8. Minutes are nothing more than abbreviated memoranda of what takes place in court. *Hinshaw v. State*, 147 Ind. 334, 47 N.E. 157, 171 (1897); *State v. Larkin*, 11 Nev. 314, 321 (1876); *Gregory v. Frothingham*, 1 Nev. 253, 260 (1865). Ordinarily the deputy clerk, present in the courtroom, is the scrivener of the minutes although the judge also is authorized to draft minutes. *See* 12 O.S.1991 § 23, *infra* note 9.

9. *The documents required to be posted on the appearance docket* are identified in 12 O.S.1991 § 23. Its pertinent terms are:
"On the appearance docket he [the clerk of the district court] shall enter all actions in the order in which they are brought, the date of the summons, the time of the return thereof by the officer, and his return thereon, the time of filing the petition, and all subsequent pleadings and papers, and *an abstract of all judgments and orders of the court.* An abstract shall contain a very brief description of the order or judgment rendered. It must not be encumbered with a detailed recital of the terms. Proceedings other than those which culminated in an order or judgment shall not be abstracted into the appearance docket. Either the judge or the clerk may prepare an appearance docket entry in the form of a minute, or the content of the entry may be dictated either by the judge or clerk into an electronic recording device. The clerk shall transcribe onto the appearance docket all minute entries made and all the electronically-recorded abstracts." [Emphasis added.]

10. *Rodgers v. Higgins*, Okl., 871 P.2d 398, 407–408 (1993); *Hulsey v. Mid–America Preferred Ins. Co.*, Okl., 777 P.2d 932, 935 (1989); *Miller v. Miller*, Okl., 664 P.2d 1032, 1034 (1983); *McCullough v. Safeway Stores, Inc.*, Okl., 626 P.2d 1332, 1335 (1981); *State v. Froese*, 200 Okl. 486, 197 P.2d 296, 298 (1948).

11. *See supra* note 5.

12. *"Recordable"* means that by force of § 24 an instrument meeting that section's criteria must be *entered* on or *"recorded"* in the court's journal. The clerk may "enter" only that which is *"on file"*. The § 24 concept of *"on file"* is distinguishable from the § 696.3 concept of *"filing"*. *"On file"* means that the paper is kept [according to the mandate of 12 O.S.1991 § 29] within a folder or jacket in the clerk's office. *"Filing"* of the instrument signifies its *delivery to the clerk* for entry or preservation. *See Rodgers, supra* note 10 at 408–409.

13. *Elliott v. City of Guthrie*, Okl., 725 P.2d 861, 863 (1986); *Chamberlin v. Chamberlin*, Okl., 720 P.2d 721, 723 (1986); *Miller, supra* note 10 at 1034; *Wetsel v. Independent School District I–1*, Okl., 670 P.2d 986, 993 (1983); *McCullough, supra* note 10 at 1335.

14. Case law antedating October 1, 1993 uniformly required that memorials to be entered upon the journal record (1) bear the judge's full signature and (2) contain a clear indication of the relief afforded. *Martin v. Lib. Nat. Bank & Trust*, Okl., 839 P.2d 179, 180 (1992).

for posting on the appearance docket, once the minutes are signed and meet the criteria prescribed in § 24, they are at once, by force of law, transmuted into *recordable memorials*.

The court attempts to avoid characterizing the October 7 paper as an order by using syllogistic logic. It reasons that minutes are *posted* on the appearance docket; the judge-signed paper, here in contest, was *posted* on the appearance docket; *ergo*, it must be a "minute" or "minute order".[15] This reasoning ignores the essential function of an appearance docket. It is to be kept as a chronological index of *all* papers filed and of all significant actions taken in a case; it must *reflect* courtroom minutes [with abstracts of *all proceedings in the case* ] and *list* the filed orders that are recordable.[16]

The October 7 memorial's *content and substance* meet all of the 12 O.S.1991 §§ 24 and 1116[17] criteria of a recordable order. *The handwritten and signed direction of the trial judge which dismissed the action is a recordable order that cannot be transmuted into a minute by a pre-printed label on the form upon which it is inscribed.*

**15.** The term *"minute order"* is an oxymoron having *no legal meaning. Minute entries are not now and have never been orders.* This tenet, reflected in extant case law [*see supra* note 10], has been codified by the 1993 amendments to the Judgment Act. *See* 12 O.S.1993 § 696.2.C. which provides in pertinent part:

"The following shall not constitute a judgment, decree or appealable order: *A minute entry....*" [Emphasis added.]

**16.** *See supra* note 9 for the pertinent terms of 12 O.S.1991 § 23.

**17.** *See supra* note 6 for the terms of 12 O.S.1991 § 1116.

**18.** *See supra* note 12 for the definition of "recordable".

**19.** A *minute of a pronounced judgment* is to be distinguished from its *record entry*. The latter is not effected by a clerk's note on the appearance docket. Rather, it is accomplished by a written memorial which is *filed in the case* and *entered* on the court's journal. *McCullough, supra* note 10 at 1335; *Froese, supra* note 10, 197 P.2d at 298. A *minute entry* lacks the effect of a judgment or order since it is not *signed by the judge. Entries* always control over minutes. The latter,

## III

## BECAUSE THE OCTOBER 7, 1993 *OR- DER* DOES NOT COMPLY *SUB- STANTIALLY* WITH THE REQUIRE- MENTS OF § 696.3, IT CANNOT TRIGGER APPEAL TIME.

Once the October 7, 1993 instrument was posted on the appearance docket and placed *on file*, it became the court clerk's task to decide if it was *recordable*[18]—*i.e.*, fit for entry on the journal.[19] Its text[20] includes the designation of the parties, the file number of the case, the relief granted, and the signature of the trial judge. *While it meets the § 24 case law criteria for recording,* its § 696.3 deficiencies are that (1) it is *untitled;* and (2) its caption does not bear the name of the court.

Under the *pre-October 1, 1993* procedural regime, a *judge-signed memorial that clearly specified the relief granted*[21] had to be *entered* on the journal.[22] *Although recordable as a court order under the § 24 criteria, the October 7 memorial fails substantially[23] to meet the post-September 30, 1993 § 696.3 requirements[24] for triggering appeal time. This is so because its court of origination is not shown.* It is the *filing* of an instrument

when discordant with the former, need not be vacated to clarify the court's record. *Martin, supra* note 14 at 180; *Elliott, supra* note 13 at 863.

**20.** *See supra* note 2 for this instrument's text.

**21.** *See supra* note 4 for the pertinent terms of 12 O.S.1991 § 24.

**22.** The entry of orders in the journal record is vital to the functioning of our appellate process because neither the appearance docket sheets nor minute entries in a case may be accepted by a reviewing court as a proper substitute for the judge's memorialized entry of judgment, orders, or of any proceedings occurring at nisi prius. *See Elliott, supra* note 13 at 863; *Chamberlin, supra* note 13 at 723.

**23.** Failure to designate in the order the court of the document's origination is enough of a departure from § 696.3's criteria to prevent this memorial from qualifying as *external proof* of the court's ruling.

**24.** *See supra* note 1 for the pertinent terms of 12 O.S.1993 § 696.3.

that substantially complies with § 696.3 which triggers appeal time under that section's most recent (1993) version.[25] While the October 7 order can serve as *external proof* of the ruling, it is the October 15 journal entry which complies both with the § 696.3 standards and those of § 24 and hence triggers appeal time.

Although court clerks are charged with knowledge that placing an instrument *"on file"*[26] must precede *entry* upon the journal[27] and that matters to be *"entered"* are to be incorporated into the *"record proper"*[28] in the § 32.1 sense,[29] they are offered no guidance by today's opinion on how they are to perform the *duty of entering* in the wake of the massive 1993 procedural changes. Were I writing today for the court, I would instruct the court clerks that, before recording a memorial on the journal and including it in the judgment roll, they should first (1) review the *posted* instrument to ascertain if it is judge-signed and specifies the relief granted or order made[30] *and* (2) determine whether the instrument *substantially* meets the § 696.3 requirements. Under the guidelines I would offer, the clerk should have *posted the October 7 paper on the appearance docket,* but he/she should not have entered it on the journal. My counsel is that, in order to prevent asymmetry and confusion, only those memorials which comply with the standards of § 24 as well as § 696.3 should henceforth be recorded in the journal.

## IV

## THE COURT'S OPINION INFUSES INSTABILITY INTO THE RECORD–KEEPING SYSTEM PRESCRIBED FOR THE JOURNAL AND FOR THE JUDGMENT ROLL.

Today's pronouncement is *insensitive* to the concerns for maintenance of a dependable, stable and symmetrical record-keeping system,[31] which is comprised of several components: the appearance docket, journal, case file and the "judgment roll".[32] The last-

---

**25.** *See* 12 O.S.1993 § 696.2.C. Its pertinent terms state:

"The *filing with the court clerk* of a written judgment, decree or appealable order, prepared in conformance with Section 10 of this act [12 O.S.1993 § 696.3] and signed by the court, shall be a jurisdictional prerequisite to the commencement of an appeal." [Emphasis mine.]

*See also* 12 O.S.1993 § 990A. Its pertinent terms are:

"An appeal to the Oklahoma Supreme Court, if taken, must be commenced by filing a petition in error within thirty (30) days from the date a judgment, decree or appealable order prepared in conformance with Section 10 of this act [codified as 12 O.S.1993 § 696.3] *is filed* with the clerk of the trial court." [Emphasis added.]

**26.** *See supra* note 12 for the meaning of "on file".

**27.** *Rodgers, supra* note 10 at 404–405.

**28.** The materials included in the *record* are listed in 12 O.S.1991 § 32.1. The pertinent terms of § 32.1 are:

"The record shall be made up from the petition, the process, return, the pleadings subsequent thereto, reports, verdicts, orders, judgments, and all material acts and proceedings of the court ... Evidence must not be recorded."

The term "record" or "record proper" is synonymous with "common-law record" and "judgment roll." *Rodgers, supra* note 10 at 405.

**29.** *Austin v. King,* Okl., 404 P.2d 1009, 1014 (1965); *Little v. Employer's Casualty Co.,* 180 Okl. 628, 71 P.2d 687, 688 (1937); *Callander v. Hopkins,* 97 Okl. 41, 222 P. 672, 673 (1924). For the pertinent terms of 12 O.S.1991 § 32.1 see *supra* note 28.

**30.** *See supra* note 4 for the relevant terms of 12 O.S.1991 § 24. Clerks should be advised that while the *title* of an instrument is instructive, it is *not* conclusive of a document's *recordability*. The substantive content of a memorial is the critical determinant.

**31.** The "record system" of the district courts encompasses the following components the court clerk is legislatively mandated to keep:

1. Appearance docket [12 O.S.1991 § 23]
2. Judgment roll or record proper [12 O.S. 1991 § 32.1]
3. Journal [12 O.S.1991 § 24]
4. Case file [12 O.S.1991 § 29]

For a schematic analysis of the court clerk's functions in the maintenance of the record system, see the Appendix to this writing.

**32.** At common law the "judgment roll" was a roll of parchment upon which the critical stages of court proceedings would be entered. On an action's termination the roll was deposited *in perpetuam rei memoriam* (in perpetual memory). After paper replaced parchment as a universal writing medium, the roll fell into disuse; but the term was carried over to describe the content of

mentioned record is the court's official memorial and the *only medium* through which it speaks.[33] All judges and court clerks are integral partners in the maintenance of this system. By requiring slavish obedience to *form over substance*, the court today fails to offer any guidance either to judges or to court clerks on the proper handling of recordable papers which, though complying with the § 24 standards, utterly fail to meet the § 696.3 criteria. If these memorials continue to be recorded, chaos will carry the day.

## A

### UNGUIDED IMPLEMENTATION OF 12 O.S.1993 § 696.3 WILL CREATE CONFUSION AND UNCERTAINTY IN THE JUDGMENT ROLLS.

Today's opinion exacts *literal* rather than *substantial* compliance with the provisions of § 696.3 [34]—those which trigger appeal time. An order that only *substantially* comports with the requirements of §§ 24 and 696.3 is condemned as a "minute".

In disregard of extant case law [35] the court has adopted a standard of *"form over substance"* in assessing instruments tendered to the court clerk for posting, preservation and entry. The court ignores today that § *696.3's criteria are relevant only in determining when appeal time begins to run.* Section 696.2(D) [36] *explicitly* recognizes that an order can be *effective* yet not trigger appeal time. The § 24 criteria, which stand unaffected by the 1993 amendments to the Judgment Act, continue to govern an instrument's *recordability.* They should be made to stand in harmony with the § 696.3 appeal-time trigger and prevented from cluttering

the court's journal with non-essential and confusing memorials.

## B

### TODAY'S OPINION, CREATING A DICHOTOMOUS DIVISION OF COURT–GENERATED RECORD–KEEPING PRODUCTS, WILL RESULT IN MULTIPLE ENTRIES OF APPEALABLE ORDERS AND OF JUDGMENTS TO BE ENTERED ON THE COURT'S JOURNAL.

The court proposes a simplistic and unrealistic dichotomous division of court-generated record-keeping products—*i.e.,* (1) minutes and (2) memorials that strictly comply with § 696.3's criteria. It would have *"minutes"* include *every memorial* not strictly complying with the § 696.3 standards. Today's opinion ignores the reality that *memorials complying with the § 24 standards* must and will continue to be *entered* on the journal.[37]

In order to protect the journal from multiple memorials of the same ruling, I would propose a trichotomous analysis of court-generated record-keeping products and identify its components as:

1. Minutes
2. Recordable memorials that comply with § 24's standards but *do not substantially* meet the § 696.3 criteria
3. Recordable memorials that substantially comply with both §§ 24 and 696.3.

In implementing my trichotomous division, I would counsel that in the exercise of its Art. 7, § 6 powers [38] the court should direct the clerks to *exclude* the second category of memorials from § 24 journalization. Our fail-

---

the *court's permanent record required to be kept by the clerk.* 12 O.S.1991 § 32.1; *Pettis v. Johnston,* 78 Okl. 277, 190 P. 681, 700 (1920).

**33.** *Elliott, supra* note 13 at 863.

**34.** *See supra* note 1 for the terms of § 696.3.

**35.** *See supra* note 5.

**36.** The pertinent terms of 12 O.S.1993 § 696.-2(D) are:

"The time for appeal shall not begin to run until a written judgment, decree or appealable order, prepared in conformance with [12 O.S.

1993 § 696.3], is filed with the court clerk, regardless of whether the judgment, decree, or appealable order is *effective when pronounced or when it is filed."* [Emphasis added.]

**37.** *See supra* note 4 for the requirements of 12 O.S.1991 § 24.

**38.** The pertinent terms of Art. 7, § 6, Okl. Const., are:

"[G]eneral administrative authority over all courts is this State ... is hereby vested in the Supreme Court and shall be exercised by the Chief Justice in accordance with its rules."

ure to do so today will create double-entry record-keeping, causing chaos in the symmetry and stability of the system. Double or triple recordable memorials of the same ruling will be commonplace.

The court's murky dichotomy creates the probability, if not indeed a possibility, of judgments and appealable orders having *two or more* not entirely identical memorials as *external proof* of their existence. This court stands committed to the principle that in the judgment roll of a case *there can be only one authentic memorial of a judgment.*[39] When confronting two instruments memorializing the same ruling, the court held that the *later entry* does not supersede the former, even if the latter contains matter not covered by the former.[40] The *Aishman* doctrine protects the inviolability of the earlier-recorded memorial. It prevents any *supplementation, modification or vacation* from being "papered over" the authentic earlier memorial without the safeguards prescribed by the procedures in 12 O.S.1991 §§ 1031 et seq.[41] Absent orderly vacation process, the later memorial must continue to be a *nullity.* The law should not tolerate more than one record entry of the same ruling. Today's pronouncement appears to invite this anomaly and sanction its use.

The possibility of double entries is exacerbated by the court's reasoning that any signed and recordable memorial having the word "minute" in its title may be disregarded as a minute rather than an order. The court reasons that § 696.2(C)[42] requires the me-

morial's substantive content to be ignored if the paper is labeled as a *"minute".*[43]

By ignoring the existence of memorials that, though recordable under § 24, do not meet the § 696.3 criteria, the court paves the way for multiple recordable memorials of the same ruling. If the first fails to meet all of the *literal* § 696.3 criteria or is entitled "minute", the *second* memorial, *even if a nullity under Aishman,* would count as the appeal-time's trigger.

## C

### MULTIPLE ENTRIES OF JUDGMENTS AND APPEALABLE ORDERS WILL CREATE UNCERTAINTY IN THE RECORD PROPER AND WILL SPAWN AN INORDINATE NUMBER OF VACATION PROCEEDINGS AS WELL AS QUIET TITLE SUITS.

Any pronouncement that allows judgments and orders to be memorialized by multiple entries of the same decision will generate an inordinate number of vacation proceedings[44] and quiet title actions. More than a single entry of the same decision will raise the question of which memorial controls over the other.[45] This result could, in my view, be avoided (1) by recognizing as *unrecordable* all orders that, while meeting § 24's standards, fail also to comply *substantially* with § 696.3's criteria and (2) by reaffirming the teachings of *Aishman.*

---

**39.** *Aishman v. Taylor,* Okl., 516 P.2d 244, 245 (1973). "A judgment is the final determination of the rights of the parties in an action." 12 O.S.1991 § 681.

**40.** *Id.*

**41.** The terms of 12 O.S.1991 § 1031 *et seq.* authorize the district court to vacate or modify its judgment within prescribed times *after due notice is given to all affected parties.*

**42.** *See supra* note 15 for the terms of 12 O.S.1993 § 696.2.C.

**43.** The court would characterize *any* instrument as a *minute entry,* even though it substantially meets the 12 O.S.1991 § 1116 requisites of an *order,* and is recordable under § 24 if it contains some form of the word "minute" in its title. The

terms of 12 O.S.1993 § 696.2 [*see supra* note 15] do not require this result.

**44.** The court's transmogrification of recordable memorials into "minutes" is likely to deny adversely affected parties the notice which is their due under 12 O.S.1991 § 1031 vacation proceedings before memorials may be changed. *Allen v. Allen,* 201 Okl. 442, 209 P.2d 172, 176 (1948), cert. denied, 336 U.S. 956, 69 S.Ct. 891, 93 L.Ed. 1110 (1949); *Lewis v. Ward,* 101 Okl. 146, 223 P. 839, 840 (1924); *Co–Wok–Ochee v. Chapman,* 76 Okl. 1, 183 P. 610 (1919). Today's opinion ignores the constitutional dimensions of both *Allen* and *Aishman.* Both cases protect the parties from ex parte changes in recorded or recordable memorials on file in the court.

**45.** *See supra* note 25 for the 12 O.S.1993 § 990A requisites.

Lawyers daily search through judgment rolls that serve as muniments of title to real property. A title examiner who would find within the four corners of a judgment roll [46] more than one record entry of the same ruling would be unable to discern which controls. The cure would lie in a costly quiet title action. The *Aishman* certainty and symmetry would be lost.

## D

## TRIAL JUDGES SHOULD BE INSTRUCTED TO *SIGN* ONLY THOSE INSTRUMENTS WHICH THEY INTEND TO BE FILED AND ENTERED ON THE JOURNAL AS JUDGMENTS, DECREES OR ORDERS.

If a ruling is documented as a mnemonic aid to the judge or counsel for their *internal* use and is intended solely for posting as a minute [47] [a memory jogger], it should be *initialed,* but not *signed.*[48] There is neither tradition nor authority for entering on the journal instruments destined solely for *internal* use. *Minutes* are *mnemonic aids* which serve as *intra*-court paper flow. They are not acceptable as proof or as a substitute for a recorded judgment.[49]

Here, the nisi prius judge *signed* the October 7 instrument and, *by doing so, made the instrument recordable.* But for the trial judge's signature, this case would not pose

---

46. A lawyer construing or interpreting judgments affecting title to real property is confined to the four corners of the judgment roll. *Elliott, supra* note 13 at 863; *Panhandle Royalty Co. v. Farni,* Okl., 747 P.2d 932, 934 (1987).

47. *See supra* note 8 for the definition of *minute.*

---

the dilemma whose solution calls for harmonizing § 24 with § 696.3.

## V

## CONCLUSION

The court today construes § 696.3 as requiring that all judge-signed *memorials* comply *literally* with all of its provisions. It engages in *indiscriminate labeling* by holding that any instrument entitled "minute" is in fact a minute. The clerks must look to this court for guidance on how to prevent their record-keeping from producing *more than one recordable memorial of a court's ruling.* Today's opinion fails them. They must sail on their own through a river of uncharted paper, with the buoys—that once signaled the presence of sandbars—now replaced by sophistic logic. The course I counsel in the interest of stability would declare that henceforth the *earliest* memorial of an order, which meets *substantially* the criteria of *both* 12 O.S.1991 § 24 *and* of 12 O.S.1993 § 696.3, should be constituted as *the sole recordable entry* for the judgment roll, triggering appeal time and memorializing the decision. All subsequent entries should stand as a nullity until properly vacated under the § 1031 procedure. Orders failing to meet both sections' criteria should not be recorded. I would also *reaffirm* today the teaching of *Aishman.* Lastly, I would admonish all nisi prius judges *never to sign* any papers not destined for use as recorded entries of their rulings.

---

48. *See Martin, supra* note 14 at 180.

49. *Id.* at 180; *Miller, supra* note 10 at 1034.

# APPENDIX

## INTERNAL PAPER PROCESSING FLOW CHART FOR DISTRICT COURT

The court clerk's office uses a three-stage-process. *All* filed papers are initially *posted* on the appearance docket. If these instruments meet the legislatively prescribed recordation criteria, then they are *filed, entered* on the journal and become the judgment roll. Ultimately, all papers in the judgment roll are also preserved in the case file.

I.  Appearance Docket     III.  Journal
II. Judgment Roll/Record Proper     IV.  Case File

* Instruments must meet 12 O.S.1993 § 696.3's criteria to be *filed* and *entered*.
     A. *Judgments, decrees, and appealable orders* to be filed *must* contain:
         1. A caption (including name of the court, names and designation of the parties, file number of the case, and title of the instrument).
         2. A statement of disposition of the action, proceeding, or motion (including a statement of the relief awarded to a party or parties and the liabilities and obligations imposed on the other party or parties).
         3. The signature and title of the court.
         4. Any other matters approved by the court.

** Book and page number [or roll & image number if microfilmed] posted on the appearance docket.
    [12 O.S.1991 § 24]