JOSEPH B. SWIFT v. BOARD OF COUNTY COMMISSIONERS OF HENNEPIN COUNTY.

May 9, 1899.

Nos. 11,535—(85).

**County—Right to Attorney's Fee for Foreclosing Mortgage.**

The county held a mortgage, and foreclosed the same under the power. The county attorney conducted the foreclosure proceedings, and the county charged, as a part of the costs of foreclosure, the attorney's fee provided for in the mortgage in case of foreclosure. The county attorney receives a stated yearly compensation fixed by statute. In an action brought by one claiming under the mortgagor to recover the amount of this attorney's fee, *held,* the county is entitled to be indemnified for a due and proper portion of this salary by charging the same as an attorney's fee for making the foreclosure, and plaintiff cannot recover.

Appeal by defendant from an order of the district court for Hennepin county, Simpson, J., overruling a demurrer to the complaint. Reversed.

*Louis A. Reed,* County Attorney, for appellant.

*Smith & Smith,* for respondent.

CANTY, J.

One Farly, being indebted to Hennepin county, in this state, in the sum of $45,935, to secure the payment thereof made to the county a mortgage on certain real estate situated in the county. The mortgage was duly recorded. Subsequently, there being a default in the mortgage, it was foreclosed under the power of sale therein contained, and on the sale the mortgaged premises were bid in by the county for the sum of $24,332.61, that being the full amount due, and the costs of foreclosure, including $200 attorney's fees. The mortgage contained a stipulation for the payment of

$200 attorney's fees in case of foreclosure, and the county applied that amount of its bid in payment of such fees.

This action is brought by a subsequent incumbrancer to recover the $200, and the complaint, besides alleging the above facts, alleges further:

"The attorney who foreclosed said mortgage for the defendant was then the legally acting county attorney for said Hennepin county, and in the foreclosure of said mortgage was in all things acting in his official capacity as the duly elected and authorized attorney for said county, and that the foreclosure of said mortgage was a part of the official duties of said attorney who foreclosed said mortgage, and that his pay therefor was included in his salary as such county attorney, fixed by law, and that he was not entitled to receive any other or extra compensation for the services rendered said county in the foreclosure of said mortgage, and that said defendant was not authorized or entitled to retain the said sum of $200 or any part thereof in payment to said county attorney for said services, and that the payment of said money to the said county attorney by defendant was illegal and void."

The defendant demurred to the complaint on the ground that it does not state a cause of action, and appeals from an order overruling the demurrer.

In our opinion, the order appealed from should be reversed. It is inferred or assumed in the complaint that the $200 was paid to the county attorney in addition to his regular salary, and we agree with respondent that such payment of $200, if so made, was illegal and void. But this does not concern plaintiff. Hennepin county does not receive the services of its county attorney without cost or without paying him compensation therefor; and the fact that these services are paid for by a stated yearly salary fixed by statute is no reason why the county should not be indemnified for a due and proper portion of that salary, by charging the same as an attorney's fee for making the foreclosure in question.

Order reversed.