## STATE ex rel. MOTHERSEAD, BANK COM'R, v. STATE ex rel. COM'RS OF LAND OFFICE et al.

No. 18973.   Opinion Filed Feb. 5, 1929.

Amil H. Japp, for plaintiff in error.

Geo. E. Merritt, for defendants in error.

TEEHEE, C. In this cause defendant in error, the Commissioners of the Land Office, plaintiff below, brought suit against J. R. Capshaw and wife to recover on their promissory note of $4,000 representative of a loan of that sum out of the permanent school funds of the state, and for the foreclosure of a real estate mortgage given by them in security thereof. Plaintiff in error, O. B. Mothersead, as State Bank Commissioner, a party defendant below, was the holder of a junior mortgage. The controversy here is between plaintiff and this defendant, both of whom had judgment for their respective obligations against the mortgagors with plaintiff's lien ranking that of defendant.

In the judgment for plaintiff there was awarded an attorney's fee of $400, and interest at the rate of 10 per cent. per annum on the principal obligation from the time plaintiff elected to declare the same as matured and due by reason of nonpayment of accrued interest, and a like rate of interest on the interest coupons after their maturity, all in accordance with the terms of the mortgage. Of this action of the court defendant complains and assigns the same as error under two propositions. Our consideration thereof will be in the reverse order of their statement.

First. Defendant contends that, as the rate of interest on loans made by plaintiff out of the permanent school funds of the state is fixed at a maximum rate of 5 per cent. per annum by section 10232, C. O. S. 1921, plaintiff was without legal power to fix a rate of 10 per cent. per annum after maturity, as was provided for in the note, interest coupons, and the mortgage on which that part of the judgment is based. Since the filing of this appeal the identical point in Popp v. Munger, 131 Okla. 282, 268 Pac. 1100, was by this court decided adversely to this contention of defendant, and distinctly so. In that case it was held:

"Where the Commissioners of the Land Office make a loan from the permanent school fund of the state for the period of five years, secured by first mortgage on a farm, the interest on said mortgage to be for the full term at five per cent., a provision in the note and mortgage representing the loan providing for ten per cent. interest

after maturity is not, to the extent of such excess, in conflict with section 10232. C. O. S. 1921, providing that the interest on farm loans from said permanent school fund shall not exceed five per cent. per annum."

As in supplementation of the reasoning of the court inducing the rule thus announced, we may observe that by section 7635, C. O. S. 1921, referring to the statutory form of a real estate mortgage, it is provided that a mortgage in terms substantially as that provided for in the preceding section shall constitute a good and valid instrument, and that "any further lawful contract embodied therein shall be binding upon the parties thereto." It is no longer open to controversy in this state that parties may by contract fix the rate of interest not to exceed 10 per cent. per annum, and as the rate here challenged is not in excess of the maximum rate which may be contracted for by the parties (section 2, article 14, Constitution of Oklahoma), the same is not contrary to law, and is a valid provision of the mortgage and binding on the parties thereto. National Life Insurance Co. v. Hale, 54 Okla. 600, 154 Pac. 536. It must follow, therefore, that plaintiff was in the exercise of rightful authority in the embodiment of this provision in the mortgage sued on, and that the trial court did not err in giving effect thereto. Popp v. Munger, supra,

Second. With respect to the allowance of an attorney's fee, defendant contends that as the sum awarded under the proof of the case, upon collection, would be deposited to the credit of the general revenue fund of the state, with no liability of plaintiff for the payment of such a fee to his counsel conducting the suit who was an employee of the state at a stipulated monthly salary, the award thereof was erroneous. Several cases are cited in support of the theory thus advanced, with only one that may be considered as having any bearing upon the point, this being Bank of Woodland v. Treadwell, 55 Cal. 379. That case was a foreclosure of a mortgage which provided for an attorney's fee. The suit was conducted by an attorney who was employed by plaintiff on a regular salary basis for all his services. It appeared that plaintiff had not agreed, or becomes liable, to pay his attorney any further compensation in the cause. The court held that, as it appeared that the attorney would not receive the fee awarded but it would go to plaintiff, allowance thereof was error.

The other cases cited, among them being McClain v. Continental Supply Co., 66 Okla. 225. 168 Pac. 815. all go to the rule that, where an attorney's fee is stipulated in the contract, the same is collectable in the action when the plaintiff had either paid such fee or was liable therefor. The reasoning of these cases, we think, goes to support the award as made, for it cannot be gainsaid that the state, for whom the plaintiff is but the agency in the administration of the permanent school funds, will pay to the employee who conducted the suit his stipulated salary, and continue liable therefor as long as the relationship of employer and employee subsists. As already observed, plaintiff had the legal authority to embody in the mortgage contract any provision not contrary to law. That a provision for an attorney's fee is valid in this state is not now an open question. Gourley v. Williams, 46 Okla. 629, 149 Pac. 229. Hence, in the circumstances of the case in hand, Bank of Woodland v. Treadwell, supra, one of the cases relied on by defendant, is without application.

On the contrary, this phase, in our view, is controlled by the principle as expressed in Swift v. Board of County Commissioners of Hennepin County, 76 Minn. 194, 78 N. W. 1107. That case grew out of a foreclosure of a mortgage held by the county, in which there was allowed by judgment the attorney's fee provided for in the mortgage. The foreclosure proceedings were conducted by the county attorney, whose salary was fixed by statute in a stated sum. A subsequent incumbrancer of the property involved sought to recover the amount of the award on the ground that, as the foreclosure proceedings had been conducted by the county attorney as a part of his official duties, whose salary was fixed by law, and his not being therefore entitled to extra compensation, inclusion of such fee in the judgment and collection thereof by the county was without authority of law. The court held against the contention, in the disposal of the point, and said:

"Hennepin county does not receive the services of its county attorney without cost or without paying him compensation therefor; and the fact that these services are paid for by a stated yearly salary fixed by statute is no reason why the county should not be indemnified for a due and proper portion of that salary, by charging the same as an attorney's fee for making the foreclosure in question."

While not directly involved, this court, in Popp v. Munger, supra, in effect, recognized the principle of the Minnesota case above cited, as it was held that the allow-

ance of an attorney's fee in connection with the increased rate of interest after maturity was not error.

We therefore hold that a provision for the payment of a percentage of 10 per cent. of the principal obligation as an attorney's fee in the event of foreclosure, embodied in a mortgage given to the state in security of monies loaned out of the permanent school funds of the state by the Commissioners of the Land Office, is a valid provision and enforceable by judgment upon foreclosure of such mortgage, notwithstanding that the proceedings in foreclosure may be instituted and conducted by a salaried employee or officer of the state.

It follows that the judgment of the district court should be, and the same is hereby, affirmed.

BENNETT, REID, LEACH and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See "Schoo's and School Districts," 35 Cyc. p. 829, n. 44.