STATE ex rel. COM'RS OF LAND OFFICE v. COLLINS.

No. 34530.   Feb. 26, 1952.

*241 P. 2d 400.*

R. H. Dunn and Rupert E. Wilson, Jr., Oklahoma City, for plaintiff in error.

Ralph K. Jenner and Jack Bradley, Hugo, for defendant in error.

JOHNSON, J.   This is an action in the district court of Choctaw county, Oklahoma, by the State of Oklahoma on relation of the Commissioners of the Land Office against the defendant, Clyde Collins; and stems from a judgment of foreclosure and sale of certain mortgaged lands, the proceeds of which were applied on the adjudged indebtedness, but, when so applied, left a deficiency which, under the terms of the mortgage contract and the judgment, was to draw 10 per cent interest per annum until paid.   No appeal was taken from such judgment.   No execution was issued on the deficiency judgment within the five-year period after the date of the judgment so as to prevent the judgment under the general applicable rule from becoming dormant.   No application for revival of the judgment was made within one year subsequent to the date the judgment became dormant.

And but for the fact that this action involved state school funds no further proceeding for collection would have been possible because the judgment being dormant and not revived was dead.   However, since this action does involve state school funds, the State of Oklahoma may maintain an independent action to recover a judgment for the deficiency due on a prior final money judgment that has become dormant and such action is not barred by any statute of limitations.   State ex rel. Commissioners of the Land Office v. Whitfield, 200 Okla. 300, 193 P. 2d 306.

From a careful examination of the record and the arguments of both parties in their briefs, we conclude that the material question for our determination is the objections of plaintiff to the court's action in reducing the rate of interest on the unpaid balance of the former final money judgment.

The trial court, in accordance with defendant's contention, allowed 6 per cent interest on the unpaid calculated balance found to be due in the independent action which represented the unpaid portion of the obligation sued on in the original action.   The judgment in the original action provided for 10 per cent interest per annum after default and until paid, which conformed with the terms of the contract of indebtedness and was permissible under the provisions of Title 15 O. S. 1951 §274, and was not, as claimed by defendant, invalid under the provisions of Title 64 O. S. 1951 §51, or article 14 of sec. 2, Oklahoma Constitution.   State ex rel. Mothersead v. State ex rel. Commissioners of the Land Office, 135 Okla.

107, 274 P. 473; Popp v. Munger, 131 Okla. 282, 268 P. 1100.

The trial court was without authority to reduce the interest rate from 10 per cent per annum to 6 per cent. The prior money judgment was a final determination of the rate of interest and amount recoverable. Title 12 O. S. 1951 §681. The action to recover the amount due on the prior final money judgment was an action for debt as on a contract, Vaughn v. Osborne, 103 Okla. 59, 229 P. 467, and the plaintiff was entitled to judgment for the aggregate amount of the liability established under such prior judgment.

The cause is reversed, with directions to render judgment for plaintiff in accord with the views herein expressed.

HALLEY, V. C. J., and CORN, GIBSON, DAVISON, and BINGAMAN, JJ., concur.