The STATE of Oklahoma on Relation of the COMMISSIONERS OF LAND OFFICE of Said State, Plaintiff in Error,

v.

W. H. LAUGHLIN, Deceased, Revived in the Name of J. I. Laughlin, Administrator of the Estate of W. H. Laughlin, Deceased, Defendant in Error.

No. 36124.

Supreme Court of Oklahoma.

Dec. 7, 1954.

R. H. Dunn, A. M. DeGraffenried, N. A. Gibson, Shell Bassett, Oklahoma City, for plaintiff in error.

Bob Perdue, Wilburton, Spradling & Moores, Tulsa, for defendant in error.

ARNOLD, Justice.

The State of Oklahoma on relation of the Commissioners of the Land Office brought this action in the District Court of Latimer County against W. H. Laughlin to recover the amount due upon a deficiency judgment theretofore rendered against him in 1933, which judgment had become dor-

mant. During the course of the litigation the defendant died and the cause was revived in the name of J. I. Laughlin, administrator of his estate.

The court found that in January, 1933, the school land commission obtained a personal judgment against Laughlin in the amount of $3,737.80 together with interest thereon at the rate of ten per cent per annum from the date of the judgment until paid and $300 attorney's fees, and foreclosure of a real estate mortgage given as security for the obligation sued upon; that thereafter in December, 1937, the real estate was sold for the sum of $2,420 and that amount was credited on the judgment; that after the application of the credit there was left unpaid on the judgment the sum of $3,159 together with interest at ten per cent per annum from the date of the sale, and $300 attorney's fees and costs; that thereafter in 1940 a further sum of $7.51 was credited against the judgment; that by reason of Enrolled House Joint Resolution No. 508 of the Twenty-fourth Legislature, 64 O.S.Supp. § 82.2, the Commissioners of the Land Office were authorized and directed to release all deficiency judgments resulting from the foreclosure and judicial sale of lands encumbered by mortgages wherein the State of Oklahoma was mortgagee, upon payment by the judgment debtor of the amount of the judgment rendered, less all credits due on the judgment, plus interest at the rate of five per cent per annum from the date of the judgment, provided that the interest shall never exceed the principal and regardless of whether or not judgment was obtained for interest in excess of five per cent; that defendant was entitled to the benefits of said resolution and rendered judgment against defendant for the amount of the deficiency judgment plus interest computed at five per cent from the date of the judgment in the sum of $4,432.14. From order overruling motion for new trial plaintiff appeals.

Plaintiff contends that the joint resolution relied upon by the trial court as authorizing the judgment rendered is unconstitutional and void as being in contravention of Article 5, Section 53, of the Constitution, which provides:

"The Legislature shall have no power to release or extinguish, or to authorize the releasing or extinguishing, in whole or in part, the indebtedness, liabilities, or obligations of any corporation, or individual, to this State, or any county or other municipal corporation thereof."

It is conceded that in bringing the action to recover the deficiency judgment the State acts in a sovereign capacity and that the debt is a debt due the State. It is also conceded that a joint resolution has the force and effect of law and is a law within the constitutional provisions of Sections 34 and 35, Article 5 and Section 11, Article 6 of the Constitution.

A judgment is the final determination of the rights of the parties in an action. 12 O.S.1951 § 681. The prior money judgment was a final determination of the rate of interest and the amount recoverable and constituted an obligation owing the state in its sovereign capacity. Obligations to the state growing out of transactions wherein the state acted in a sovereign capacity may not be released in whole or in part by reason of the inhibition contained in Sec. 53, Art. 5, Constitution. State ex rel. State Com'rs of Land Office v. Weems, 197 Okl. 106, 168 P.2d 629. A judgment in which is merged an obligation to the state represents the obligation and is subject to said inhibition. The Joint Resolution No. 508, supra, attempts to extinguish in part an obligation due the state and is unconstitutional. The act of the court thereunder in remitting one-half the interest due upon the judgment was without authority and void. See State ex rel. Commissioners of Land Office v. Collins, 206 Okl. 99, 241 P.2d 400.

Reversed, with directions to enter judgment in favor of the State for the amount of the deficiency judgment with accrued interest at ten per cent, as provided therein, and attorney's fees.

HALLEY, C. J., JOHNSON, V. C. J., and CORN, WILLIAMS and BLACKBIRD, JJ., concur.

WELCH, DAVISON, and O'NEAL, JJ., dissent.

DAVISON, Justice (dissenting).

I cannot concur in the reasoning or the conclusion reached in the majority opinion in the above styled case. In dissenting, I feel that I should express the reasons for by position.

Simply stated, House Joint Resolution No. 508, 1953 S.L. 513, 64 O.S.Supp.1953 § 82.2, provides for satisfaction and release of deficiency judgments in favor of the Commissioners of the Land Office, by the payment of the unpaid principal of said judgment plus interest thereon at the rate of 5% per annum from the date of rendition of said judgment. The practical effect of the act is the remittance of all interest on such judgments in excess of five per cent. Prior to the passage of the act, this court, in the case of State ex rel. Commissioners of Land Office v. Collins, 206 Okl. 99, 241 P.2d 400, held that, in an action to recover the amount due on a prior final money judgment, the trial court was without authority to reduce the interest rate from ten per cent to six per cent. The statute now under consideration provided the theretofore lacking authority.

The inhibition constituting the foundation of the opinion in the Collins case was removed by the adoption of the statute unless it was unconstitutional. The question then for determination herein is: "Does such act contravene the provisions of the Constitution?" I think not.

The majority opinion holds that the statute attempts to extinguish a part of the judgment obligation due to the State. But such is not its effect. It provides for the extinguishment of a part of the interest on the judgment obligation. The situation is not comparable to that in the case of State ex rel. State Commissioners of Land Office v. Weems, 197 Okl. 106, 168 P.2d 629, cited and relied on in the majority opinion, in the Weems case, the principal of the judgment as well as the interest thereon were attempted to be cancelled for little or no consideration. Admittedly that could not be done.

But interest on a judgment in favor of the State is no more "indebtedness, liabilities, or obligations of any corporation, or individual, to this State," Okl.Const. Art. 5, Sec. 53, than interest and penalties upon past due and delinquent taxes. As to the latter, interest and penalties on delinquent taxes, it was held, in the case of City of McAlester v. Jones, 181 Okl. 77, 72 P.2d 371, that an act which remitted such penalties and interest was not unconstitutional. The situation in the reported case has many parallels to the situation herein. There it had been held in Holliman v. Cole, 168 Okl. 473, 34 P.2d 597, that the Governor was without authority to remit penalties and interest on delinquent taxes by executive order. Here it has been held in State ex rel. Commissioners of Land Office v. Collins, supra, that the trial court was without authority to reduce the interest rate on a prior judgment. In both situations, authority was subsequently granted for the remission or reduction by legislative enactment. That a similar act as to reduction of interest on a mortgage indebtedness before judgment was a grant, and direction of use, of such authority, was the holding in the recent case of State ex rel. Commissioners of Land Office v. Froese, 200 Okl. 486, 197 P.2d 296.

It is therefore my conclusion that, since the act in question directs the satisfaction of a judgment in favor of the State upon payment of the entire principal amount plus interest at a reduced amount, it is not a remission of an indebtedness as within the contemplation of Art. 5, Sec. 53 of Okl.Const. and is valid under the holding in the case of City of McAlester v. Jones, supra. For these reasons, I respectfully dissent.

I am authorized to state that the views expressed in this dissent are concurred in by WELCH and O'NEAL, JJ.