Mrs. Bert LANDESS, Administratrix of the Estate of Henry W. Hilgenberg and Mary E. Hilgenberg, deceased, Plaintiff in Error,

v.

STATE of Oklahoma, on relation of The Commissioners of the Land Office of said State, Defendant in Error.

No. 37666.

Supreme Court of Oklahoma.

Dec. 16, 1958.

Rehearing Denied March 3, 1959.

Leon S. Hirsh, Oklahoma City, for plaintiff in error.

R. H. Dunn, A. M. Degraffenried and N. A. Gibson, Oklahoma City, for defendant in error.

WILLIAMS, Justice.

This appeal presents two questions, primarily, of law. The issues relate to (a), the legally proper method of crediting payments that were made by the judgment debtor after rendition of the judgment; and (2), the liability of the judgment debtor, or his estate, to pay interest after making a formal tender of payment.

For an understanding of the issues we must advert chronologically to events out of which the present controversy arises. Henry W. Hilgenberg and wife, on January 15, 1929, gave their promissory note in the amount of $3,000,000, payable 5 years from date, with interest at 5% per annum, payable semi-annually, to the Commissioners of the Land Office of the State of Oklahoma. The note was secured by a mortgage upon land in Beckham County. The makers of the note defaulted in payment of interest due on July 15, 1929.

The Commissioners of the Land Office filed an action in 1934 to recover the principal and interest due and for a foreclosure of the mortgage. Judgment for the sum due upon the note and for foreclosure of the mortgage was entered on March 25, 1936.

Upon motion of the mortgagors, the order of sale and confirmation of sale was vacated and, upon appeal, that judgment was affirmed. See The State of Oklahoma on Relation of the Commissioners of the Land Office of said State ex rel. Com'rs of Land Office v. Landess, Okl., 293 P.2d 574. After the death of Henry W. Hilgenberg and wife, Mrs. Bert Landess was appointed administratrix of their estates and appears here as plaintiff in error and will be referred to as the administratrix and The Commissioners of the Land Office, defendant in error, will be referred to as Commissioners.

The judgment in the original case which was entered on the 25th day of March, 1936, remained in full force and effect. Its enforcement was held in abeyance by reason only of the vacation of the order of sale and confirmation of sale. This court, upon

the appeal, affirmed the order vacating and setting aside the order and confirmation of sale and remanded the case to the trial court for further proceedings. Thereafter and on the 9th day of October, 1956, a judgment was entered in the foreclosure case, establishing defendants' indebtedness in the amount of $7,546.90, and ordering the payment of the judgment out of funds in the possession of the court clerk, which had accrued from oil royalties from the mortgaged land. From that judgment the administratrix appeals, asserting that the order and judgment in so far as the same provides for payment of any sum in excess of $2,079.07 to the Commission in full satisfaction of its judgment is erroneous.

The parties do not dispute that the note, after its due date or date of default in interest payments, provides for interest at 10% and that the computation of the amount on that basis is the sum of $7,-546.90. It is, however, contended by the administratrix that if the Commission had pursued the proper method of application of partial payments made upon the judgment, the correct amount would be the sum of $2,079.07, and no more.

The note and mortgage here involved do not provide how any payment of principal or interest shall be applied upon the indebtedness, except that the mortgagor is given the privilege of making partial payments on the principal sum in the amount of $100 or multiples thereof at any time prior to the maturity of the note. That privilege, however, was no longer available to the makers of the note after its maturity in 1934 and the judgment of foreclosure in 1936. However, the administratrix argues that under the provisions of the Oklahoma Enabling Act (34 Stat. 267, Secs. 7, 8 and 11) and of Oklahoma Constitution, Art. XI, sec. 2, the permanent school fund of the State must remain unimpaired. Obliquely, it is argued that the Commissioners as trustees of the permanent school fund did not replenish the permanent school fund out of the first money paid on the judgment, (by application of the payments made first to principal rather than interest),

thereby depleting the fund to the extent of the original loan.

Our search of the record does not support the assertion made. Moreover, we are of the view that that question is not properly before us in the instant case, and we express no opinion thereon. The legal presumption is that the constitutional officers administering the fund performed their duty in the premises, and, for all aught appearing on the record, the partial payments which were credited to interest upon the judgment could, at the same time, be reflected on the Commissioners' records as part payment of the principal rather than expendable income payable to the beneficiary of the earnings of the trust fund (the permanent school fund of the state). So, laying aside the question of the duty of a trustee to the beneficiary of the trust, which here has no application, we again advert to the administratrix' first contention which she succinctly states; "The issue here is the legally proper method of crediting payments that admittedly were made on the indebtedness after rendition of the judgment."

We have noted, when the first payment was made by the makers of the note, the indebtedness had been reduced to judgment. That payment and subsequent payments were credited upon delinquent interest. The Commissioners seek to sustain the judgment upon the theory that the application was proper. The administratrix contends that notwithstanding the delinquent interest, the payments should be first applied to reduce the principal. If the administratrix' theory is correct, the judgment is excessive to the extent of any portion thereof in excess of the amount of $2,079.07. The advantage to the administratrix is apparent. By applying the partial payments on the principal of the loan, it would proportionately reduce the interest bearing portion of the judgment, as interest accruing upon the judgment does not bear interest.

We are of the view that the partial payments were correctly applied in the instant case. The general rule is stated in 47 C.J.S. Interest § 66 as follows:

"Under the general rule, partial payments, in the absence of agreement to the contrary, are first applied to discharge interest due; any surplus goes to discharge the principal, the interest being computed thereafter on the balance; and any interest remaining unpaid is not added to the principal for purposes of computing interest."

In Tootle-Campbell Dry Goods Co. v. Mounts, 90 Okl. 40, 216 P. 113, it was held:

"Where partial payments are made, the rule is to apply the payments in the first place to the discharge of the interest then due and the remainder on the principal."

It is stated, and not denied, that the method of application of payments as contended for by the administratrix would reduce the amount of interest percentage wise by 44.8 per cent, thus reducing the interest rate of 10% after default to 5.2 per cent. In the case of State ex rel. Com'rs of Land Office v. Laughlin, Okl., 277 P.2d 683, 684, this court held:

"Enrolled House Joint Resolution No. 508, Twenty-fourth Legislature, 64 O.S.Supp. § 82.2, which directs the School Land Commission to release all deficiency judgments upon payment of the amount of such judgment with interest at 5 per cent per annum, regardless of whether or not the judgment provided interest in excess of five per cent, is in conflict with Sec. 53, Art. 5, Constitution, and is therefore unconstitutional, void, and unenforceable."

We hold that the payments were properly credited upon the delinquent interest due.

The remaining question presented by the administratrix is with reference to a tender of payment made on December 10, 1951, and whether the court erroneously allowed interest after that date up to the date of judgment on October 9, 1956. In the administratrix' motion to vacate the order of sale and confirmation filed on December 10, 1951, she made an offer to pay all sums

**1080**

remaining due under the judgment of foreclosure. In support of the tender, the administratrix submitted her exhibit 36, which reflects the date of each partial payment and the method of crediting interest payments on the judgment as contended for by the Commission. While the tender was thus in effect, the Shell Corporation, on August 23, 1956, intervened in the case and paid into court royalty funds in the amount of $13,752.54 accruing from the mortgaged land. In response to its pleas of intervention, the administratrix plead that the Commission had a lien on said funds in the amount of $2,079.97 *only* and the judgment in favor of the Commission should be satisfied in full by payment of said amount out of the impounded funds, and upon such payment that the court should decree the judgment of the Commission satisfied and released. A like position was taken by the administratrix on October 9, 1956, the day final judgment was entered. In that pleading she renews the allegations formerly plead in her cross-petition to the intervention of Shell, that there is owing the Commission *only* the sum of $2,079.07 to fully satisfy the judgment.

 Her further offer to pay the entire sum remaining on the judgment upon final determination thereof, does not avail the administratrix for the reason her first tender had been abandoned by her repeated offers to pay the $2,079.07 in full satisfaction of the judgment.

We are of the view that when the administratrix, by her answer to the petition of the intervention of Shell Corporation and by her subsequent pleadings that the Commission had a lien on *only* the sum of $2,079.07 and sought a decree to that effect, her previous tender was abandoned, and is became a nullity.

A valid legal tender once made to remain effective and enforceable, must be maintained. In Loth-Hoffman Clothing Co. v. Schwartz, 74 Okl. 18, 176 P. 916, we held:

"A valid, legal tender of money by a debtor which is refused by a credi-tor does not operate as a satisfaction of the debt, and is no bar to an action on the debt; the effect of such tender, when the tender is maintained, being to discharge the debtor from liability for interest subsequent to the tender and the costs afterwards incurred."

The rule is restated in Liberty Nat. Bank of Weatherford v. Semkoff, 184 Okl. 18, 84 P.2d 438, 439, as follows:

"A valid legal tender made by a debtor and refused by a creditor does not operate as a satisfaction of the debt; the effect of such tender when maintained being merely to discharge the debtor from liability for interest accruing subsequent to the tender and cost afterward incurred where the recovery does not exceed the amount of the tender."

We are of the view and hold that the judgment should be and is hereby affirmed.