2014 OK CIV APP 64

**Karen CLARK, now Gordon, Petitioner/Appellant,**

v.

**Gerald McCONNELL, Respondent/Appellee.**

No. 110437.

Court of Civil Appeals of Oklahoma, Division No. 1.

July 25, 2013.

Certiorari Denied June 26, 2014.

James R. Gotwals, Mary L. Gutierrez, Benjamin Aycock, James R. Gotwals & Associates, Inc., Tulsa, Oklahoma, for Appellant.

Brad E. Hilton, Hilton Law Office, Owasso, Oklahoma, for Appellee.

LARRY JOPLIN, Chief Judge:

¶ 1 Petitioner/Appellant Karen Clark, now Gordon (Mother or Petitioner) seeks review of the trial court's order denying her Motion to Correct, Open, Modify, Reconsider or Vacate, by which she requested reconsideration of the trial court's previous order apportioning payments toward a child support arrearage by Respondent/Appellee Gerald McConnell (Father or Respondent), first to satisfy the principal sum of the arrearage in child support, and then to satisfaction of accrued interest. In this appeal, Mother asserts the trial court erred as a matter of law in failing to direct application of the payments to satisfaction of the accrued interest first.

¶ 2 Mother and Father never married. Of their relationship, one child was born in 1992, and, in 1995, Mother sought the assistance of the Oklahoma Department of Human Services to establish the paternity of the child. DHS filed a petition to establish paternity, and, in July 1996, a judgment was entered adjudicating Father to be the biological father of the child. The judgment awarded Mother custody of the child, and directed Father to pay child support of $272.00 per month. The judgment also determined Father in arrears in child support in the sum of $11,967.00 with interest accrued and accruing, and directed Father to pay an additional sum of $100.00 per month toward the arrearage.

¶ 3 In 1997, Father sought modification of his child support obligation, which was granted. Father's child support obligation was increased to $356.00 per month, but his payment toward the arrearage was reduced to $10.00 per month, and an order for income assignment was entered directing payment of the gross sum of $366.00 per month directly to Mother. On review in 1998, Father's payment toward the arrearage was increased back to $100.00 per month.

¶ 4 In January 2010, Father filed a Motion to Modify Income Assignment, and alleged payment in full of the adjudicated child support arrearage.[1] The amounts paid by Father were not disputed, and the only issue concerned how payments toward the child support arrearage should be applied between the principal sum due and interest.

¶ 5 As the parties agreed after a conference with the trial court, the parties submitted the issue on briefs without argument. Mother argued the trial court should follow the general rule, enunciated in *Landess v. State*, 1958 OK 295, 335 P.2d 1077, and holding that, " '[w]here partial payments are made, the rule is to apply the payments in the first place to the discharge of the interest then due and the remainder on the principal.' " 1958 OK 295, ¶ 10, 335 P.2d at 1079. Father responded, arguing that the rule enunciated in *Landess* applied only in the presence of a contractual debt, and that the trial court should apply the rule followed by DHS in matters concerning the collection of child support arrearages, codified at 43 O.S. Supp.2002 413(G)[2] and O.A.C. 340:25-5-351(c)(4),[3] directing application of payments in excess of the child support obligation, first, to the satisfaction of current and past due child support, then to interest.

¶ 6 The trial court agreed with Father, and entered its order directing application of Father's arrearage payments, first, to the principal sum of the arrearage adjudicated due and owing, and then, to interest. Within thirty days, Mother filed her Motion to Correct, Open, Modify, Reconsider or Vacate, challenging the trial court's decision as contrary to the general enunciated in *Landess*. The trial court denied Mother's Motion to Modify, and Mother appeals.

1. The child attained majority in May 2010 and graduated from high school.

2. "All [child support, spousal support, and related support] payments made through the [DHS Centralized Support] Registry shall be allocated and distributed in accordance with Department of Human Services' policy and federal regulations."

3. "[Oklahoma Child Support Services] applies payments to interest owed to a particular custodial person after current child support and the principal arrears balance is paid in full."

¶ 7 On a motion to modify or vacate filed within thirty days of the challenged order pursuant to 12 O.S. 1031.1, the trial court enjoys "a very wide and extended discretion" "almost unlimited [and] unfettered by statutory grounds." *Schepp v. Hess,* 1989 OK 28, ¶ 7, ¶ 9, 770 P.2d 34, 38. (Footnotes omitted.) "The ... test ... for measuring the legal correctness of a trial court's response to a timely 1031.1 plea is *whether sound discretion was exercised upon sufficient cause shown to vacate, modify, open or correct the earlier decision, or to refuse the relief sought.*" *Schepp,* 1989 OK 28, ¶ 11, 770 P.2d at 39. (Emphasis original.) (Footnotes omitted.) "Sufficient cause for vacating a decree under 1031.1 certainly includes curing errors of law that are fatal to the movant's interest in the outcome of litigation." *Schepp,* 1989 OK 28, ¶ 15, 770 P.2d at 40.

¶ 8 In this appeal, Mother again asserts the *Landess* rule applies. Here, she argues that, inasmuch as Father made no payments after 1997 through DHS, the provisions of 413(G), governing "[a]ll child support, spousal support, and related support payments ... through the [DHS Centralized Support] Registry," does not apply, and asserts the trial court erred as a matter of law in refusing to apply the *Landess* rule. Father responds, arguing that application of payments to interest first unfairly permits interest to continue to accrue on the unpaid principal, enlarging the overall child support obligation, and opens the door for countless motions to modify seeking the imposition and calculation of additional interest due on obligors who, instead of paying their child support obligation through DHS and thus enjoying the benefit of principal-first-interest-second rule, faithfully paid their child support obligation directly to the obligee.

¶ 9 Beginning in 1977, Oklahoma law has consistently directed the imposition of interest on past due child support obligations. See, 12 O.S. Supp.1977 1277.3, renumbered, 43 O.S. Supp.1989 114. Now see, 43 O.S. Supp.2012 114 (eff.Nov.1, 2012). However, except in cases involving the collection of child support arrearages on payments made through the Oklahoma Child Support Services, governed by 43 O.S. Supp.2002 413(G) and O.A.C. 340:25–5–351(c)(4), there is no statutory directive on the manner payments toward a child support arrearage should be allocated between the adjudicated principal amount of the arrearage and accrued interest.

¶ 10 In this statutory vacuum, we believe the trial court, in the exercise of its inherent equitable powers in matters of the collection of past due child support, was free to apply the rule employed by Oklahoma Child Support Services, and direct application of Father's payments of arrearage, first, to the principal amount of the adjudicated arrearage, then to interest. We believe this is especially true in the present case, because Father initially made his payments of child support and arrearage through DHS. If he had continued on that course, he would have enjoyed the application of the DHS method for allocation of payments to the principal amount of the arrearage first, then interest. Indeed, he may very well have continued on that course, but for the trial court's 1997 order obligating him to pay Mother directly.

¶ 11 Under these circumstances, we are unwilling to hold, as a matter of law, the trial court was *required* to apply the *Landess* rule in the present case, and we hold the trial court did not abuse its discretion in allocating Father's payments of the arrearage, first to the principal amount, then to interest, in accord with the DHS rule. The trial court did not abuse its discretion in denying Mother's Motion to Correct, Open, Modify, Reconsider or Vacate.

¶ 12 The order of the trial court is AFFIRMED.

BUETTNER, P.J., and BELL, J., concur.